By the Court.—Sedgwick, Ch. J.
—In my opinion, the rules of practice and law, call for an affirmance of the order vacating the injunction. The ground upon which the order of injunction was issued was not stated in it. It is necessary to look to the complaint to find on what claim the plaintiff alleges that he is entitled to an injunction. To justify granting a preliminary injunction the plaintiff’s rights must be certain as to the law and the facts.
*118 One claim is apparently as follows : the legislature provided (L. 1848, ch. 37, § 18) that any gas-light company formed under that act, should have power to lay conductors for conducting gas, through the streets of cities, with the consent of the municipal authorities of said city, and under such reasonable regulations as they might prescribe. The complaint then avers that the common council of this city duly enacted a resolution 11 that permission be and is hereby given to all incorporated gas-light companies to lay gasrpipes, etc., in the city, etc., upon such conditions, as may be prescribed and approved by his Honor the Mayor, the Comptroller and the Commissioners of public works, etc.” The complaint then alleges certain matters intended to show that this resolution had been impliedly repealed or was no longer in force. These-matters did not have the force intended, but on the face of the complaint it appears that the resolution is still in existence. The complaint then alleges what is tantamount to an averment that the common council had no power to pass this resolution, because it delegated to officers named in it, the exercise of power and discretion that the act intended should be exercised by the common council itself. In my opinion, this proposition is not so clearly correct, that it should be assumed, as the ground for an injunction. There is doubt,, that that part of the resolution which gives permission upon such conditions as may be prescribed, and approved by his Honor the Mayor, etc., is not within the clause of the act “ under such reasonable regulations as they may prescribe.”
The complaint further claims an injunction upon the character of the conditions, which it is alleged the defend-j ants intend to impose upon the company, averring that these conditions do not properly provide for the benefit or advantage of the tax-payers or inhabitants of the city. On this point the preponderance of testimony was with the de. fendants, who showed by a witness of greater means of information than those possessed by plaintiff’s witness, that the defendant did not intend to give a permit upon, the *119 conditions referred to, but had expressed the intention of imposing other conditions, more favorable to the city.'
.The order appealed from should be affirmed, with $10 costs.
Truax and O’Gorman, J., concurred.